IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Julie Smith,<br><br>　　　　　Plaintiff,<br>v.<br>GC Services, L.P.; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Civil Action No.:  1:13-cv-01225<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiff, Julie Smith, by undersigned counsel, states as follows:

### JURISDICTION

1.　　This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.　　Plaintiff, Julie Smith ("Plaintiff"), is an adult individual residing in Three Rivers, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.　　Defendant GC Services, L.P. ("GC"), is a Texas business entity with an address of 6330 Gulfton Street, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

1

5. Does 1-10 (the "Collectors") are individual collectors employed by GC and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. GC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. GC Engages in Harassment and Abusive Tactics**

11. Within the last year, GC placed up to ten (10) calls per day to Plaintiff, without leaving messages, in an attempt to collect the Debt.

12. When Plaintiff called GC, the collector with whom she spoke failed to inform her that the communication was from debt collector attempting to collect the Debt, and that any information obtained would be used for that purpose.

13. Further, GC refused to provide Plaintiff with information regarding the current creditor, despite Plaintiff's request for that information.

14. Because GC would not provide Plaintiff with any information regarding the Debt, Plaintiff instructed GC to stop calling. GC responded that the calls would not stop until it collected the Debt.

15. Further, GC threatened to garnish Plaintiff's and Plaintiff's husband's wages if the Debt was not paid.

### C. Plaintiff Suffered Actual Damages

16. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

21. Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to Plaintiff without disclosing the identity of the debt collection agency.

22. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment if the Debt was not paid.

24. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

25. Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform Plaintiff that communications were an attempt to collect the Debt.

26. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

27. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

28. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Punitive damages; and
5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 7, 2013

                                            Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Julie Smith
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com